LISA GRAMP, Oregon State Bar ID Number 042952
Deputy City Attorney
Email: lisa.gramp@portlandoregon.gov
FRANCO A. LUCCHIN, Oregon State Bar ID Number 013310
franco.lucchin@portlandoregon.gov
Deputy City Attorney
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **CITY OF PORTLAND**, a municipal corporation**,** | **CASE NO. 3:13-cv-1453** |
| **PLAINTIFF,** | |
| v. | **COMPLAINT FOR:** |
| **ROMTEC, INC.,** a domestic business corporation**,** | I)  Copyright Infringement; |
| **DEFENDANT.** | II) Violation of the Lanham Act (15 U.S.C. § 43(a) for Trade Dress Infringement; |
| | III)  Violation of the Lanham Act (15 U.S.C. § 43(a) for Unfair Competition and False Designation of Origin; |
| | IV) Violation of the Lanham Act (15 U.S.C. § 43(c) for Dilution; |
| | V)  Common Law Trademark Infringement; and |
| | VI) Violations of Oregon's Unlawful Trade Practices Act |
| | **JURY TRIAL REQUESTED** |

Page  1  –    COMPLAINT

Plaintiff, the City of Portland (the "City" or "Plaintiff"), for its Complaint against Defendant, Romtec, Inc. ("Romtec" or "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for injunctive relief and damages arising under:  (i) copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"); (ii) trade dress infringement, unfair competition, false designation of origin and dilution under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq*. (the "Lanham Act"); (iii) trade dress infringement, unfair competition, and dilution under the statutory and common law of the State of Oregon; and (iv) violations under the Oregon Uniform Trade Practices Act (ORS 646.605 *et seq*.) (the "UTPA")..

2.      This Court has original subject matter jurisdiction over the subject matter pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. § 1331 and 28 U.S.C. § 1338  because the action arises, in part, under 15 U.S.C. § 1125 and 17 U.S.C. § 501. This Court has supplemental jurisdiction over non-federal question claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1391 and 1400 because the events giving rise to the City's claims arose in Oregon and the City's principal place of business is located in Oregon.

4.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has engaged in acts or omissions within and outside the State of Oregon causing injury within the State of Oregon.

## PARTIES

5.      The City is a municipal corporation as defined under ORS 297.405(5) with its principal place of business located at 1221 SW 4th Ave., Room 430, Portland, OR, 97204.

6.      Upon information and belief, Romtec is an Oregon corporation, with its corporate

Page  2  –    COMPLAINT

headquarters located at 18240 N. Bank Rd., Roseburg, OR, 97470.

**GENERAL ALLEGATIONS**

7.      The City, in the course of providing municipal sanitary services to its residents, invested public funds to create, fabricate, deploy, market, and sell a distinctive public restroom (the "Portland Loo") that has been nationally and internationally recognized for its original and distinctive design.

8.      The Portland Loo is a toilet kiosk designed to be located on city sidewalks. Measuring 10'7" long x 6' wide x 8'6" tall, the Portland Loo is large enough to be handicap accessible and can accommodate a stroller or bike for the occupant.  The Portland Loo is constructed with heavy gauge stainless steel wall panels and is finished with an anti-graffiti powder coating.  There is a simple button-activated hand washing station mounted on the exterior to promote shorter use times and to serve the general pedestrian population. Distinctively stripped of much of its plumbing, the Portland Loo can be delivered on site as a complete enclosure.  Artwork on the door panel links the Portland Loo to its surroundings and conveys a sense of community ownership.  Perhaps the Portland Loo's most distinctive feature is its louvered slats.  Louvers at the top and bottom are specifically angled and dimensioned to facilitate daylighting, ventilation, and natural surveillance by passers by.  The design of the Portland Loo has been cited as ingenious in terms of CPTED (Crime Prevention Through Environmental Design).  The louvers extend from foot level to knee level and again just above head level, making activity inside somewhat visible to passersby.  It is this feature that has largely garnered praise as improving the safety and cleanliness of public restrooms.

9.      The Portland Loo was conceived in 2007 after Charles Randall Leonard, one of the City's former Commissioners, traveled to Italy where he was impressed with the modern, self-cleaning toilets throughout the country.  Desiring such an amenity for the sidewalks of urbane Portland, the Commissioner authorized the development of the Portland Loo that

Page 3 –    COMPLAINT

included design features that make it distinctively "Portland" and more than merely functional.

10.     On December 5, 2007, at a public meeting, then-Commissioner Leonard expounded on the positioning of the louvers and the purposes for the Portland Loo, "[y]ou'll notice on the bottom there are louvers so that they're angled in such a way you can't look up, but the police can look down and see how many legs are in there.  If there are more than two legs, then the police have reason to be concerned.  They're also designed to be washed from the outside. You'll notice that underneath they're open, and the idea is to not make it as private as some restrooms are for security reasons and then also to allow the crews that will clean them to clean them from the outside.  So they should be easy to maintain.  You'll notice on the door our designer has incorporated some uniquely Portland features.  This one's a picture of the steel bridge."

11.     The City, as assignee of Charles Randall Leonard, has a copyright for the Portland Loo (Registration No. VA 1-651-870) that was registered on July 14, 2008 (the "Copyright").  The Portland Loo's trademark for its name, tag line, and logo were registered by the City with the Oregon Secretary of State on March 28, 2012, covering the trademarked name, tag line, and logo in classes 135, 138, 141 and 142 for advertising and business, communications, education and entertainment and miscellaneous, respectively (collectively, the "Trademark").  The Copyright and the Trademark are collectively referred to herein as the "Registrations".

12.     The City's Registrations are in full force and effect and have been in full force and effect at all times relevant to this action.

13.     The Registrations, together with the trade dress and all common law rights for the Portland Loo, are owned by the City and referred to herein collectively as the "Protected Work."

14.     The City's design of the Portland Loo resulted in considerable press nationally and internationally.  The first Portland Loo was installed on December 8, 2008, to enormous media attention.  Images and descriptions of the Portland Loo have been widely publicized.  In

Page 4 –    COMPLAINT

2011, a Portland Loo that was purchased by and installed in the City of Victoria was awarded "*The Best Public Restroom in Canada*" by the Cintas Corporation.  In response to the award, Victoria Mayor Dean Fortin stated, "[t]he [Portland] Loo is part of a larger strategy that ensures our downtown is vibrant and safe – day and night.  Access to public amenities, like a 24-hour washroom, [is] important to our downtown community.  It is even better when those amenities are attractive and innovative."  Also in 2011, the Portland Loo was the focus of a short award winning documentary called "*People Can't Wait*" directed by Travis Shields.  In August 2012, the Portland Loo was featured in the *Los Angeles Times*, which observed that, "[in Portland], where just about everything is greener, hipper and more carbon-neutral, it was only a matter of time before someone came up with a sustainable urban toilet.  It's called the Portland Loo, and it may be the first toilet so popular it has its own Facebook page."  *Governing Magazine*, a publication whose readership includes representatives of companies that do business with state and local governments, featured the Portland Loo in its August 30, 2012 issue.  Also in 2012, *Recreation Management* recognized the Portland Loo for its safety and cleanliness. *EfficientGov*, a newsletter focused on the fiscal challenges of municipal government, selected the Portland Loo as its 2012 "Intelligence" Award winner.  In both 2011 and 2012, the City received the *Bright Ideas in Government Award* from the John F. Kennedy School of Government at Harvard University for the Portland Loo.

   15. As a result of the Portland Loo's original and distinctive design, the City has been able to capitalize on its reputation as a "green" innovator and has sold the Portland Loo to various municipalities including: Ketchikan Gateway Borough, Alaska, and Victoria and Nanaimo in British Columbia, Canada.  The City is currently negotiating to sell Portland Loos to Esquimalt, British Columbia, San Diego, California, and Seattle, Washington.  Such sales create a valuable revenue stream for the City.

   16. Romtec designs and builds public restrooms.

Page  5  – COMPLAINT

17.     Romtec first introduced its Sidewalk Restroom (defined below) in late 2012. Until that juncture, Romtec's business appears to have been limited to masonry or timber structures for recreational park settings and campgrounds.  These products were purchased primarily by its public sector clients, including:  the United States Forest Service, the National Parks Service, the United States Department of the Interior Bureau of Land Management, the United States Fish and Wildlife Service, and the General Services Administration.

18.     Upon information and belief, the City alleges that Romtec was aware of and had access to images, descriptions and specifications of the Portland Loo.

19.     On or about January 10, 2013, the City was informed by an official with the City of Cincinnati, Ohio, that Romtec was manufacturing and marketing for sale a restroom substantially and strikingly similar to the Portland Loo called the "Sidewalk Restroom."  A side-by-side comparison of the restrooms is below.

**The Portland Loo**     **The Sidewalk Restroom**

 

 

Page

20.     The Sidewalk Restroom is substantially and strikingly similar to the distinctive Portland Loo in its total overall expression, appearance, configuration, size, description, and promotion and features key elements that appear to have been copied from the Protected Work including, but not limited to:  (a) the placement, size, position, and dimensions of its louvers; (b) the choice of metal wall panels; (c) use of an anti-graffiti powder coating; (d) the stripped down plumbing that facilitates its set-in-place installation; (e) placement of the sink on the exterior of the unit; and (f) dedicated space for art and advertising.

21.     The blog maintained on Romtec's business website, http://www.romtec.com/blog-categories/a-louver-of-design/, repeats the same innovative conclusion about the Sidewalk Restroom's louvers that the City made regarding the Portland Loo's positioning of its louvers. Using strikingly similar language and acknowledging the novelty of the concept – invented by the City – the blog entry states:  "[t]he bottom louvers on the Sidewalk Restroom actually allow viewing of the floor of the restroom.  It sounds a little odd, but it is a benefit for urban restrooms. The majority of public bathroom stalls have the same attribute because total privacy in restrooms can often result in misuse."

22.     Romtec is marketing the Sidewalk Restroom on its business website as the "most affordable urban restroom on the market" and "a new direction in urban restrooms" with "innovative designs elements [that] solve the problems that have beset most urban restrooms." Romtec's website further describes the Sidewalk Restroom's features as "discreet and open-air facilities" with "vandal resistant components."

23.     Upon information and belief, prior to the widely publicized accolades for the Portland Loo, Romtec's catalog of restroom offerings appears to have been limited to pre-engineered waterless or plumbed masonry restroom buildings primarily constructed on permanent, poured-in-place reinforced concrete foundations for park and recreational settings principally marketed to state and local governments.  After the success of the Portland Loo,

Page 7 –    COMPLAINT

Romtec now seeks to usurp the urban market with its Sidewalk Restroom, which is an obvious knock-off of the Portland Loo.

24.     Upon information and belief, Romtec, is marketing the Sidewalk Restroom in the same market in which the City seeks to sell the Portland Loo.

25.     Upon information and belief, Romtec had knowledge of the City's ongoing discussions with the city of Cincinnati regarding the purchase of one or more Portland Loos, as such discussions were widely covered in the local press, and, as a result, contacted City of Cincinnati officials and offered to sell them the Sidewalk Restroom for a cost significantly less than the cost of the Portland Loo.

26.     Romtec's use of the Protected Work is without the consent of the City.  Moreover, upon information and belief, as of the date hereof, Romtec continues to use the Protected Work without the permission or consent of the City.

### FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement – 17 U.S.C. § 501 *et seq.*)

27.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

28.     At all times the City has duly complied with all relevant requirements of the Copyright Act and its Copyright with respect to the Portland Loo.

29.     The City owns the Copyright to the Portland Loo, which constitutes original and copyrightable subject matter under the Copyright Act as an architectural work.  The Copyright Act defines an architectural work as a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings.  An architectural work includes the overall form as well as the arrangement and composition of spaces and elements in the design.

30.     The City has installed the Portland Loo throughout the City and has sold the

Page 8 –    COMPLAINT

Portland Loo nationally and internationally.

31.    The Portland Loo has been widely publicized in both digital and print media.

32.    Upon information and belief, Romtec had access to the Protected Work of the Portland Loo as a result of its activities in Portland, Oregon, where there are seven Portland Loos installed along the sidewalks of the City, and as a result of Romtec's exposure to digital and print media, particularly the coverage the Portland Loo received through *Governing Magazine* and *Recreation Management*, trade publications no doubt familiar to anyone in Defendant's business.

33.    Romtec's access to the Protected Work is evidenced by the comparative statements on its website describing its Sidewalk Restroom as the "nation's most inexpensive urban restroom option" and the "most affordable urban restroom on the market" and its production of a restroom that is strikingly similar to the Portland Loo, a product that only appeared on the market after the Portland Loo was heavily publicized.

34.    Romtec copied the Protected Work to make its strikingly similar Sidewalk Restroom and has therefore infringed upon the City's Copyright.

35.    Romtec copied the Protected Work without permission or authority of the City, which constitutes an improper appropriation of the Protected Work.

36.    Unless it is enjoined and restrained, Romtec will continue to infringe upon the City's Copyright.

37.    By reason of Romtec's infringement and threatened infringement, the City has sustained and will continue to sustain substantial injury, loss, and damage to its ownership rights in the Protected Work.

38.    Further irreparable harm to the City is imminent as a result of Romtec's conduct, and the City is without an adequate remedy at law.  The City is entitled to an injunction restraining Romtec, its officers, directors, agents, employees, representatives, and all persons acting in concert with it from engaging in further such acts of infringement.  The City is further

Page 9 –    COMPLAINT

entitled to recover from Romtec the damages sustained by the City as a result of Romtec's acts of infringement, including costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Violation of the Lanham Act by Trade Dress Infringement - 15 U.S.C. § 1125(a))

39.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

40.     The Portland Loo possesses an inherently distinctive trade dress that is aesthetic and not merely functional.

41.     Through significant investment, innovation and attention to detail, the City has acquired and enjoys valuable goodwill, recognition, and reputation for the Portland Loo and its Protected Work.

42.     Romtec is not authorized to use the Protected Work or any trade dress confusingly similar to the Portland Loo that in any way represents or implies that Romtec's Sidewalk Restroom is in any way associated with the City, the Portland Loo or the Protected Work.

43.     Romtec's contemporaneous use of the City's Protected Work, including the Portland Loo trade dress, for its Sidewalk Restroom is likely to confuse purchasers and consumers into believing that the Sidewalk Restroom offered by Romtec originates from, is authorized by, or is somehow affiliated with the City.

44.     Romtec intentionally and knowingly infringed the City's trade dress rights.

45.     Romtec's infringing activities are likely to damage the City's reputation and goodwill among customers and consumers and to divert sales and opportunities away from the City to Romtec.

46.     Romtec is therefore infringing the City's trade dress rights in violation of the Lanham Act (15 U.S.C. § 1125(a)) and has caused the City irreparable harm for which the City is entitled to relief, including injunctive relief, recovery of Romtec's profits, damages sustained by

Page 10 –  COMPLAINT

the City as a result of Romtec's acts, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116, 1117 and 1118.

## THIRD CLAIM FOR RELIEF

### (Violation of the Lanham Act by Unfair Competition and
### False Designation of Origin - 15 U.S.C. § 1125(a))

47.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

48.     The City has been using the Protected Work in interstate commerce since at least 2010 and had and continues to have valuable common law rights to the Protected Work, and the goodwill appurtenant thereto, prior to the Defendant's use of its Sidewalk Restroom in interstate commerce.

49.     Romtec's unauthorized use of the Protected Work in connection with the manufacturing and marketing of its Sidewalk Restroom in interstate commence in competition with the City is likely to cause confusion or to cause mistake or to deceive as to affiliation, connection, or association with the City, or to deceive as to the origin, sponsorship or approval of Romtec's goods by the City.

50.     By engaging in the unauthorized activities described above, Romtec has also made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of its Sidewalk Restroom, each of which is likely to cause confusion or to cause mistake or to deceive as to affiliation, connection, or association with the City, or to deceive as to the origin, sponsorship, or approval of Romtec's goods by the City.

51.     Romtec is therefore engaged in unfair competition and false designation of origin in violation of the Lanham Act (15 U.S.C. § 1125(a)) and has caused the City irreparable harm for which the City is entitled to relief, including injunctive relief, recovery of Romtec's profits,

Page 11 – COMPLAINT

damages sustained by the City as a result of Romtec's acts, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116, 1117 and 1118.

## FOURTH CLAIM FOR RELIEF

### (Violation of the Lanham Act by Dilution - 15 U.S.C. § 1125(c))

52.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

53.     Romtec has made commercial use of the City's distinctive Protected Work in connection with its Sidewalk Restroom, which Romtec has used in interstate commerce.

54.     Romtec's actions are in violation of the Lanham Act § 43(c) in that they have caused dilution of the distinctive quality of the City's famous Portland Loo and its Protected Work.

55.     The Portland Loo's Protected Work is inherently strong and distinctive.  The Protected Work has been the subject of substantial promotion and is widely recognized by consumers.  The acts of Romtec alleged in this Complaint were commenced and committed from a time after the Portland Loo and its Protected Work became famous.

56.     Romtec's conduct was and is willful and intentional.

57.     Romtec is therefore engaged in dilution in violation of the Lanham Act (15 U.S.C. § 1125(c)) and has caused the City irreparable harm for which the City is entitled to relief, including injunctive relief, recovery of Romtec's profits, damages sustained by the City as a result of Romtec's acts, costs, and reasonable attorneys' fees pursuant to 15 U.S.C.  §§ 1125(c), 1116, 1117 and 1118.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement, Unfair Competition and Dilution)

58.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

Page  12  –  COMPLAINT

59.     Romtec's acts alleged above constitute infringement, unfair competition, misappropriation, dilution, and misuse of the City's Protected Work, conversion of the City's intellectual property, and unjust enrichment of Romtec, all in violation of the City's rights under the common law of Oregon.

60.     Romtec's alleged acts of infringement and unfair competition are likely to cause confusion or to cause mistake or to deceive as to affiliation, connection, or association with the City or as to origin, sponsorship, or approval of its goods by the City and are likely to dilute the quality of the Protected Work.

61.     Romtec's acts reveal an intentional, willful and malicious intent to trade on the City's goodwill associated with its Protected Work.

62.     Romtec's actions have caused irreparable harm and, unless enjoined, Romtec's acts will continue to cause the City irreparable harm.

63.     As a result of the common law trademark infringement and unfair competition described above, the City is entitled to relief, including injunctive relief, recovery of Romtec's profits, damages, costs, and reasonable attorneys' fees pursuant to ORS 647.105 and 647.107.

## SIXTH CLAIM FOR RELIEF

### (Violations of the Oregon Uniform Trade Practices Act – ORS 646.608)

64.     The City repeats and realleges each and every allegation contained in the proceeding paragraphs, with the same force and effect as if set forth fully herein.

65.     Romtec's actions as alleged above constitute unlawful trade practices in violation of Oregon's UTPA because, in the course of its business, caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods, used deceptive representations or designations of geographic origin in connection with the goods, and engaged in other unfair or deceptive conduct in trade or commerce.

66.     Upon information and belief, Romtec acted with actual knowledge of the City's

Page  13  –   COMPLAINT

use of and rights to the Protected Work, without regard to the likelihood of confusion created by Romtec's activities.

67.     Romtec's acts reveal an intentional, willful and malicious intent to trade on the City's goodwill associated with its Protected Work.

68.     By reason of Romtec's actions, the City has suffered an as yet to be determined but ascertainable loss of money as a result of the willful actions declared unlawful by the UTPA.

69.     As a result of the unlawful trade practices as described above, the City is entitled to relief, including injunctive relief, recovery of damages, punitive damages, costs, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, the City prays that this Court:

1.     Order Romtec and its affiliated companies, principals, officers, employees, directors, servants, agents, representatives, distributors, persons, firms or corporations under its control or in active concert or participation with Romtec be permanently enjoined and restrained from:

　　　　a.     directly or indirectly displaying, advertising, promoting, selling or offering for sale, licensing, supplying or otherwise distributing a public restroom of any kind using the infringing trade dress and any associated trade dress, or any other name, mark or design that is confusingly similar to the Portland Loo or the Protected Work; and

　　　　b.     directly or indirectly infringing the City's Protected Work or continuing to market, offer, sell dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied or substantially similar to the Portland Loo or to participate or assist in any such activity;

2.     Order the impounding for destruction of all copies or reproductions of any and all public restrooms, stationary, circulars, catalogs, charts, brochures, advertising materials, labels,

Page  14  –   COMPLAINT

packages, signs, and all materials in Romtec's possession or under its control which infringe on the Protected Work or which contain trade dress or marks confusingly similar to the Portland Loo or the Protected Work;

3.     Order that Romtec deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any of the City's rights in the Protected Work or in the Portland Loo;

4.     Order an accounting of Romtec's profits gained as a result of its infringing activities and otherwise unlawful actions;

5.     Award the City all profits received by Romtec from sales and revenues of any kind made as a result of its infringing activities and otherwise unlawful actions;

6.     Award the City all damages sustained by the City as a result of Romtec's acts of infringement in an amount to be proved at trial.

7.     Award the City statutory damages based upon Romtec's acts of infringement pursuant to, inter alia, the Copyright Act;

8.     Award the City interest, costs and attorney's fees pursuant to, inter alia, 15 U.S.C. § 1117 and 17 U.S.C. § 505;

9.     Order that Romtec file within this Court and serve upon the City within thirty (30) days following this Court's injunction issued in this action a written report, under oath, setting forth in detail the manner and form in which Romtec has complied with such injunction; and

/////

/////

Page  15  –   COMPLAINT

10.    Award the City such other and further relief as the Court deems just and proper.

Dated:  August 19, 2013

Respectfully submitted,

*/s/ Lisa Gramp*
LISA GRAMP, OSB # 042952
lisa.gramp@portlandoregon.gov
Deputy City Attorney
FRANCO A. LUCCHIN, OSB# 013310
franco.lucchin@portlandoregon.gov
Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Plaintiff

Page  16  –   COMPLAINT